**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CARLOS CEVALLOS-BERMEO,            :
                                  :    Civil Action No. 03-3537 (WGB)
                  Petitioner,     :
                                  :
          v.                      :    **OPINION**
                                  :
ROY L. HENDRICKS, et al.,         :
                                  :
                  Respondents.    :


**APPEARANCES:**

        CARLOS CEVALLOS-BERMEO, Petitioner <u>Pro</u> <u>Se</u>
        #286412/132095C
        New Jersey State Prison
        P.O. Box 861
        Trenton, New Jersey 08625

        H. JOHN WITMAN, ESQ.
        Office of the New Jersey Attorney General
        Appellate Bureau
        Richard J. Hughes Justice Complex
        P.O. Box 086
        Trenton, New Jersey 08625-0086
        Counsel for Respondents

**BASSLER**, District Judge

        This matter is before the Court on Petitioner Carlos
Cevallos-Bermeo's petition for habeas corpus relief under 28
U.S.C. § 2254.  For reasons discussed below, the petition for
habeas corpus relief will be dismissed as time-barred, pursuant
to 28 U.S.C. § 2244(d).

### I.  BACKGROUND

        Petitioner, Carlos Cevallos-Bermeo ("Bermeo"), filed a
petition for habeas corpus relief on or about July 25, 2003.  On

December 11, 2003, the Court directed respondents to answer the petition, and the respondents filed an answer, with affirmative defenses, and pertinent part of the state court record, on or about February 23, 2004.

The following facts are taken from the petition, the respondents' answer, and the state court record.

Bermeo was convicted on or about December 5, 1996 for knowing and purposeful murder, and was sentenced to serve a life sentence with a 30-year parole disqualifier.  (Petition, ¶¶ 2-4). He appealed to the New Jersey Appellate Division, and the conviction was affirmed on April 16, 1998.  (Pet., ¶¶ 8, 9; Ra3, Ra4, and Ra6).[1]  Bermeo then filed a petition for certification with the New Jersey Supreme Court, on May 14, 1998, which was denied on July 13, 1998.  (Ra7, Ra9).  Bermeo did not file a petition for a writ of certiorari with the United States Supreme Court.

On or about December 11, 2000, Bermeo filed his first and only petition for post-conviction relief ("PCR") with the

---

[1]  Respondents provided the Court with the relevant state court record and listed the exhibits in a Table of Exhibits attached to their Answer, filed February 23, 2004.  "Ra" refers to Respondents' Exhibits as identified in the February 23, 2004 table.

Superior Court of New Jersey, Law Division, Hudson County.[2]
(Ra10).  The petition was denied by the state court on July 13,
2001.  (Ra11).  Bermeo appealed to the New Jersey Appellate
Division, which affirmed the denial of state PCR relief.  (Ra12,
Ra 13, Ra15).  The New Jersey Supreme Court denied certification
on June 5, 2003.  (Ra18).

Thereafter, on or about July 25, 2003, Bermeo filed this
petition for habeas relief under § 2254.  The respondents
answered the petition alleging that petitioner's grounds for
habeas relief are without merit.  Respondents also raise the
affirmative defenses that Bermeo's habeas petition is time-barred
under 28 U.S.C. § 2244(d)(1); is unexhausted under 28 U.S.C. §
2254(b); and/or is procedurally defaulted.  Bermeo did not
respond to these affirmative defenses.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

---

[2]  It appears that Bermeo may have filed an informal
petition initially and formally supplemented his state PCR
petition on or about May 28, 2001.  (Ra10, Ra15 at p. 3).

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

4

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between

_____

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form

a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).[4] However, the

---

of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

[4]   Equitable tolling applies:

only when the principles of equity would make the rigid application of a limitation period unfair. Generally,

one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." <u>Miller</u>, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. <u>Id</u>. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. <u>Jones</u>, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. <u>Johnson v. Hendricks</u>, 314 F.3d 159, 163 (3d Cir. 2002), <u>cert</u>. <u>denied</u> 538 U.S. 1022 (2003); <u>Fahy</u>, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if

---

this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations omitted).

the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  <u>Jones</u>, 195 F.3d at 159.  <u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Bermeo was convicted on December 5, 1996, and his judgment of conviction became final, pursuant to 28 U.S.C. § 2244(d)(1), on October 11, 1998, or 90 days after the New Jersey Supreme Court denied certification on direct appeal, which was July 13, 1998 (<i>i.e.</i>, conviction becomes final upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court).  <u>See</u> <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, Bermeo's state court conviction now under attack became final well after the enactment of AEDPA on April 24, 1996 and the one-year grace period.  Therefore, Bermeo had one year from October 11, 1998

until October 11, 1999 to bring his federal habeas petition under § 2254.

The Court also finds that there was no statutory tolling of the limitations period under § 2244(d)(2) before October 11, 1999 because Bermeo did not file his first state PCR petition until December 11, 2000,[5] which remained pending in state court until June 5, 2003 when the New Jersey Supreme Court denied certification from the Appellate Division's affirmance of the trial court's denial of Bermeo's state PCR petition.  Thus, Bermeo's limitation period began to run from October 11, 1998 until it expired on October 11, 1999 without any tolling as permitted under § 2244(d)(2).  Consequently, the Court finds that Bermeo did not file his § 2254 habeas petition until July 2,

---

[5]   Giving petitioner the benefit of all inferences related to the date he filed his state PCR petition and this federal habeas petition, the Court finds that petitioner "filed" said petitions on the date he handed them to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134  F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which Bermeo handed his first state PCR petition to prison officials for mailing, it will use the earliest date referenced in the state court record, December 11, 2000, rather than the May 28, 2001 date mentioned by the New Jersey Appellate Division in its February 21, 2003 opinion affirming denial of the state PCR petition.  With respect to his federal habeas petition, Bermeo signed his petition on July 2, 2003.

2003,[6] approximately four years after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)).

---

[6] See footnote 5, supra, this Opinion.

10

Therefore, this Court finds that Bermeo's federal habeas petition is time-barred.  Moreover, Bermeo offers no excuses, extraordinary or otherwise, for equitable tolling.  At best, it appears that Bermeo may have miscalculated the statutory period when he failed to count the time his limitations period began to run on October 11, 1998 because he had not filed a state PCR petition.  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  <u>Fahey</u>, 240 F.3d at 244.  Bermeo also may have been ignorant of the fact that the limitations period begins to run at the conclusion of direct review, not at the conclusion of state collateral review.  However, ignorance of the law, even for an incarcerated <u>pro</u> <u>se</u> petitioner, generally does not excuse prompt filing.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a <u>pro</u> <u>se</u> prisoner misreads the law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see</u> <u>also</u> <u>Jones</u>, 195 F.3d at 159-60.  Accordingly, Bermeo does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because Bermeo failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this

petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

IV.   <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  <u>Id</u>.

For the reasons discussed above, Bermeo's § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

12

<u>CONCLUSION</u>

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


                      <u> /S/ WILLIAM G. BASSLER          </u>
                           WILLIAM G. BASSLER
                Senior United States District Judge

DATED: 29 July 2005